In the Matter of the Claim of LEON KANE, Respondent, v. CANAL OFFSET PLATE SERVICE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HAMM, J. Appeal by the employer and carrier from a board decision on the ground that there is no substantial evidence to support the board's finding of accident and causal relationship. The board's decision states: "Upon review, the Board finds that the claimant sustained an accidental injury on October 14, 1963 when he felt pain while carrying the flats, which required more than normal exertion and which precipitated the acute anterior wall myocardial infarction. Accordingly, the Referee decision is REVERSED. Accident, notice and causal relationship are established. The case is restored to the Referee calendar for an appropriate award." The injury was sustained after claimant removed from a chest-high drawer flats consisting of sheets of paper about 36 or 38 inches long and 28 inches wide on which photograph negatives were laid out. The "batch of flats" weighed approximately 15 pounds. The distance from the drawer to claimant's work table was about 20 feet. While returning with the flats to the table and before placing them on the table the claimant experienced chest pain. The decision of the board was based on a single incident. The appellants urge that an average man would not consider that the exertion of walking 20 feet holding something weighing 15 pounds constituted any unusual strain. However, the respondent board calls attention to statements of the carrier's physician contained in his report to the effect that the claimant worked "mostly standing" at a table, that he worked "10, 12 or 14 hours" a day prior to his attack, that he "would have occasion to use several of these 'flats' many times during the day" and that "A stack of such papers might weigh 15 to 20 lbs." So it contends that the claimant's heart injury was due to unusual effort over a period of many days and hence could be found accidental. However, except for overtime, the statements in the report do not appear in the record as proof and the board's finding of causality was not predicated on prolonged exertion. Decision reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.

 In the Matter of CHERRY VALLEY APARTMENTS, INC., Appellant, v. ARTHUR EVANS et al., Constituting the Board of Appeals of the Village of Cazenovia, Respondents.— MEMORANDUM BY THE COURT. We cannot say that the evidence is not substantial and that the action is arbitrary although another trier of the facts might reach a different conclusion. Our limited authority does not permit us to interfere. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.